UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAMBRIDGE THERAPEUTIC
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                                                       Case No.:

SYNERGY PHARMACY SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff Cambridge Therapeutic Technologies, LLC ("Cambridge"), by and through undersigned counsel, sues Defendant Synergy Pharmacy Services, Inc. ("Synergy") as follows:

### NATURE OF THE ACTION

1. This is an action to recover damages arising from Synergy's unlawful failure to pay Cambridge for goods received and accepted. Synergy ordered goods and received corresponding invoices for the goods. Synergy did not object to the invoices or return the goods. Despite Cambridge's demands for payment, Synergy never paid any of the invoices, and a balance of $333,890.18, plus interest and costs is outstanding.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Cambridge is a limited liability company with its principal place of business in New Jersey. Its Class A members are:

- John H. Klein, a citizen of Alpine, New Jersey
- Robert & Monica Breslow, citizens of Glenview, Illinois
- Blue Valley LLC, with a principal place of business in Bellaire, Texas
- Mark Adams, a citizen of Boxford, Massachusetts
- Dr. Greg Simonian, a citizen of Paramus, New Jersey
- Barry A. Posner, a citizen of Tenafly, New Jersey

3. Plaintiff's other members are citizens of various jurisdictions, but none are citizens of the state of Florida.

4. Defendant Synergy is a Florida corporation with its principal place of business in Palm Harbor, Florida.

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because the parties to this action are completely diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Synergy is a resident of this district.

## GENERAL ALLEGATIONS

7. Cambridge develops and markets solutions for medication adherence (*i.e.*, systems to help patients properly take their medication). For example, Cambridge sells calendarized dosing packs for certain medications and prescription anti-inflammatory gels, including a gel known as Diclofenac 3% gel.

8. Synergy Pharmacy Services, Inc. is, *inter alia*, a company that provides pharmaceutical products to consumers.

9. In or about July, 2016, Cambridge came to an agreement with Synergy to provide certain pharmaceutical products to Synergy, including a non-steroidal anti-inflammatory drug known as Diclofenac 3% gel, whereby payment from Synergy to Cambridge would be due thirty days from the invoice date.

10. On July 19, 2016, Cambridge invoiced Synergy for five hundred units of Diclofenac 3% gel. The Diclofenac 3% gel unit price was $330.00. The five hundred units, therefore, cost $165,000.00. Freight costs were $1,945.09. The July 19, 2016 invoice, number 61533, memorializing the order is attached as Exhibit A. A copy of the purchase order is attached as Exhibit K.

11. The order was shipped on July 19, 2016. The Packing Slip is attached as Exhibit B. The Bill of Lading is attached as Exhibit C.

12. The order was shipped by Legacy Pharmaceutical Packing, LLC. The Prescription Drug Pedigree is attached as Exhibit D.

13. The order was shipped by UPS Next Day Air. The shipping labels are attached as Exhibit E.

14. On July 25, 2016, Cambridge invoiced Synergy for an additional five hundred units of Diclofenac 3% gel. The Diclofenac 3% gel unit price was $330.00. The five hundred units, therefore, cost $165,000.00. Freight costs were $1,945.09. The July 25, 2016 invoice, number 61582, memorializing the order is attached as Exhibit F.

15. The order was shipped on July 25, 2016. The Packing Slip is attached as Exhibit G. The Bill of Lading is attached as Exhibit H.

16. The order was shipped by Legacy Pharmaceutical Packing, LLC. The Prescription Drug Pedigree is attached as Exhibit I.

17. The order was shipped by UPS Next Day Air. The shipping labels and Shipment Receipt are attached as Exhibit J.

18. Synergy did not return the Diclofenac 3% gel, or object to either the July 19 or July 25 invoices.

19. The invoices provided that interest at a rate equal to the lesser of one (1) percent per month compounded monthly (annual rate 12.68%) or highest rate permitted by applicable law, would apply to late payment.

20. Each invoice stated that the invoices were for the benefit of Cambridge.

21. Accordingly, $333,890.18, plus applicable interest, is due and owing to Cambridge as a result of the above-described sales to Synergy.

22. Cambridge has made demand upon Synergy for payment in full for the pharmaceutical products it provided.

23. As of the date of this Complaint, nearly a year after receiving the invoices, Synergy has failed and refused to make payment in full of the $333,890.18 balance due to Cambridge.

## COUNT I – BREACH OF CONTRACT

24. Cambridge repeats and realleges each of the allegations in paragraphs 1 through 23 as though set forth fully herein.

25. Cambridge and Synergy entered into the agreement in July, 2016.

26. Pursuant to that agreement, Cambridge agreed to provide pharmaceutical products to Synergy for the invoiced purchase price.

27. Synergy breached its obligations to pay for the pharmaceutical products under the agreement.

28. Cambridge fully performed its obligations under the agreement.

29. As a direct and proximate result of Synergy's breach, Cambridge has suffered damages in an amount to be determined at trial, but in no event less than $333,890.18 plus interest, and costs.

## COUNT II – IMPLIED CONTRACT

30. Cambridge repeats and realleges each of the allegations in paragraphs 1 through 23 as though set forth fully herein.

31. The parties assented to a process by which Cambridge would provide goods to Synergy and Synergy would pay for such goods.

32. Synergy knowingly accepted the benefit of the pharmaceutical goods received from Cambridge, and never returned them.

33. The purchase price for goods delivered to and accepted by Synergy was $333,890.18.

34. Synergy failed and refused to pay the purchase price of $333,890.18 for pharmaceutical products delivered and accepted by Synergy from Cambridge.

35. Cambridge has been damaged in the amount of $333,890.18, plus interest, as a result of Synergy's refusal to pay for pharmaceutical products supplied by Cambridge.

36. The circumstances are such that Synergy should be required to pay for the benefit received.

## COUNT III – OPEN ACCOUNT

37. Cambridge repeats and realleges each of the allegations in paragraphs 1 through 23 as though set forth fully herein.

38. Pursuant to a sales contract between the parties, Cambridge provided pharmaceutical products to Synergy at Synergy's request in the agreed sum and reasonable value of $333,890.18. This amount, plus interest, remains due and owing.

39. As reflected in Exhibits A and F hereto, Cambridge timely rendered invoices to Synergy reflecting the products delivered, and amount due for those products.

40. As reflected in Exhibits A through K hereto, Cambridge in fact delivered the pharmaceutical products to Synergy.

41. The sale of pharmaceutical products were transactions between the parties that created a series of charges.

42. Cambridge prepared an itemized statement of the account.

43. Synergy owes money on the account.

44. The amount claimed by Cambridge represents the agreed upon sum and reasonable value of the goods delivered.

## COUNT IV – ACCOUNT STATED

45. Cambridge repeats and realleges each of the allegations in paragraphs 1 through 23 as though set forth fully herein.

46. Cambridge and Synergy agreed that Cambridge would provide Synergy with pharmaceutical products, and upon receipt of the products and invoices, Synergy would pay Cambridge the agreed upon and reasonable value of the goods delivered.

47. Cambridge invoiced Synergy for $333,890.18, plus interest, for overdue amounts.

48. Synergy promised to pay, or failed to object to this sum, and no part thereof has been paid.

49. The sale of pharmaceutical products were transactions between the parties.

50. Synergy has failed to respond, object to or otherwise refute the invoices within a reasonable time.

51. Such charges constitute an account stated in the sum of $333,890.18, plus interest, and costs. As of July 25, 2016, the date of Cambridge's last invoice to Synergy, an account was stated between Cambridge and Synergy upon which $333,890.18, plus interest, remains due to Cambridge from Synergy.

## COUNT V – *QUANTUM MERUIT*

52. Cambridge repeats and realleges each of the allegations in paragraphs 1 through 23 as though set forth fully herein.

53. Cambridge provided pharmaceutical products, in good faith, to Synergy, at Synergy's request, in the agreed upon sum and reasonable value of which $333,890.18 remains due and owing.

54. Synergy knowingly accepted the benefit of the pharmaceutical products provided by Cambridge.

55. Synergy's acceptance of the goods was under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it.

56. Despite due demand, Synergy has not paid Cambridge, and at no time has Synergy disputed the existence or amount of its debt to Cambridge, which presently totals $333,890.18, plus interest, and costs.

57. The circumstances are such that it would be inequitable for Defendant Synergy to retain the benefits it received without paying the fair value of these benefits.

## COUNT VI – UNJUST ENRICHMENT

58. Cambridge repeats and realleges each of the allegations in paragraph 1 through 8 and 10 through 23 as though set forth fully herein.

59. Cambridge provided pharmaceutical products, in good faith, to Synergy, at Synergy's request, in the agreed upon sum and reasonable value of which $333,890.18 remains due and owing.

60. Cambridge's provision of pharmaceutical products conferred a benefit upon Synergy's at Cambridge's expense.

61. Synergy accepted and has retained the benefit of receiving Cambridge's products.

62. Equity and good conscience require that Synergy make restitution to Cambridge totaling $333,890.18, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Cambridge demands judgment against Synergy as follows:

A. Damages in an amount not less than $333,890.18, plus interest, and costs;

B. On all Causes of Action, award Cambridge's reasonable attorneys' fees and the costs and disbursements of this action; and

C. Such other and additional relief as this Court may deem just, proper, and equitable.

Dated: July 27, 2017

Patrick M. Mosley – Trial Counsel
Florida Bar No. 33735
patrick.mosley@hwhlaw.com
tricia.elam@hwhlaw.com
Tori C. Simmons
Florida Bar No. 107081
tori.simmons@hwhlaw.com
lee.casteris@hwhlaw.com
HILL, WARD & HENDERSON, P.A
Post Office Box 2231
Tampa, Florida 33601-2231
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
*Attorneys for Plaintiff Cambridge Therapeutic Technologies, LLC*